SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Ramon Wozniak,  )  | No. CV 10-2516-PHX-DGC (JRI) |
| Plaintiff,  ) | **ORDER** |
| vs.  ) | |
| Joseph Arpaio, et al.,  ) | |
| Defendants.  ) | |

Plaintiff Jesse Ramon Wozniak filed this civil rights action under 42 U.S.C. § 1983 against various employees of Maricopa County Sheriff's Office (MCSO). Plaintiff alleged that, in violation of his constitutional rights, Defendants failed to provide Plaintiff access to a Bible and religious material (Count I), failed to provide him access to recreation (Count II), and placed him in unsanitary housing (Count III). (Doc. 10.) Defendants Picardo, Pratt, Straight, Rogers, and Goss move to dismiss Counts I and II on the ground that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). (Doc. 40.) Although the Court sent the Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), Plaintiff filed no response. (Doc. 42; see also Doc. 45.) The Court will grant the motion.

**I.   Motion to Dismiss**

   **A.   Legal Standard**

Under the PLRA, a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v.

Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**B.     Parties' Contentions**

In support of their motion, Defendants submit the affidavit of Selethia Down, a Sergeant assigned to the Inmate Hearing Unit; her duties include receipt, processing, tracking, and storage of inmate grievances. (Doc. 40, Ex. 1, Down Aff. ¶ 1-2.) She describes the MCSO grievance procedures, which are set out in Policy DJ-3, Inmate Grievance Procedure. (Id. ¶ 4.) According to Down, it is a multi-tiered grievance system, which includes (1) the initial grievance and ultimate decision by the hearing sergeant; (2) the institutional appeal; and (3) the external appeal. (Id. ¶¶ 5-7, Attach. A, Policy DJ-3.) She also attests that the grievance form itself contains language explaining the steps in the grievance process. (Id. ¶ 10.) According to Down, MCSO has extended the 24-hour window for filing an external appeal when an inmate has special circumstances. (Id. ¶ 9.) Down asserts that Plaintiff filed 22 inmate grievances while incarcerated from March 27, 2010 to February 9, 2011. (Id., Down Aff. ¶ 14.)

Down attests that Plaintiff filed the following grievances between August 6 and November 30, 2008:

- •      ##201006675, 201006709, 201008853, 20101688 regarding day room access;

1         and

2        •     ##201006755, 201008925 regarding placement in an unsanitary cell.

3 (Id. ¶¶ 15-17.) She asserts that Plaintiff submitted an external appeal for only one of these grievances—#201008925, regarding placement in an unsanitary cell on October 1, 2010. (Id. ¶¶ 18-19.)

Defendants also submit the affidavit of Dawn Noggle, Director of Mental Health Services for Maricopa County Correctional Health Services (CHS); her duties include overseeing mental health care provided at the Lower Buckeye Jail. (Id., Ex. 2, Noggle Aff. ¶ 1.) She attests that she reviewed housing records and that from August 2010 to April 6, 2011, Plaintiff was housed either in "P1" or "P3" of the Psych House. (Id. ¶¶ 3-4.) Unit P3 is for patients needing heightened watch; their privileges are restricted, including access to pencils. (Id. ¶ 5.) CHS policy is to assist patients who express a desire to write something; Noggle attests that she has personal knowledge of Plaintiff requesting and receiving assistance on several occasions while at P3. (Id. ¶¶ 6-7.) Unit P1 is for patients determined to be inappropriate for general population or who have known behavior problems or who are being "stepped down" from a higher level of health watch before being returned to general population. (Id. ¶ 8.) P1 allows access to personal items such as pencils. (Id. ¶ 9.)

From August 16, 2010 until September 28, 2010, Plaintiff was housed in P3, and from September 29 to October 19, 2010, he was housed on P1. (Id. ¶¶ 10-11.) He was relocated to P3 on October 19 but moved to P1 again on October 20 and was there until March 5, 2011. (Id. ¶¶ 12-14.) From March 8 to April 4, 2011, Plaintiff was housed on P1. (Id. ¶ 15.)

Plaintiff did not file a response. Because a verified complaint may be used as an affidavit opposing a motion if it is based on personal knowledge and sets forth specific facts admissible in evidence, the Court will consider the allegations set forth in Plaintiff's First Amended Complaint. Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995). In his first Amended Complaint, Plaintiff alleged as to both Counts that he appealed through to the highest level, but that Defendants did not respond. (Doc. 10 at 3, 4.)

### C. Analysis

Defendants have met their burden to establish the existence of a grievance procedure and that Plaintiff failed to exhaust his remedies under it. See Wyatt, 315 F.3d at 1119; see also Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). Plaintiff was issued an order containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so. (Doc. 42). He was specifically informed that if Defendant showed that he failed to exhaust, his action would be dismissed unless he produced controverting evidence. (Id. at 2). Because he did not respond, Plaintiff fails to provide evidence to rebut Defendants' assertion that he did not file the required external appeals as to most of his claims. Plaintiff's conclusory statement in the First Amended Complaint is not sufficient to defeat Defendants' motion.

The Court will grant Defendants' motion and dismiss the claims in Counts I and II without prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Dismiss (Doc. 40).

(2) Defendants' Motion to Dismiss (Doc. 40) is **granted**; Counts I and II are **dismissed without prejudice**.

(3) Defendants Picardo, Pratt, Straight, Rogers, and Goss are **dismissed**.

(4) The remaining claim is Count III against Stapley and Durazo for placing Plaintiff in an unsanitary cell.

DATED this 7th day of September, 2011.

David G. Campbell
United States District Judge

- 4 -