SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Ramon Wozniak, | No. CV 10-2516-PHX-DGC (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff Jesse Ramon Wozniak filed this civil rights action under 42 U.S.C. § 1983 against various employees of the Maricopa County Sheriff's Office (MCSO). Plaintiff alleged that, in violation of his constitutional rights, Defendants failed to provide Plaintiff access to a Bible and religious material (Count I), failed to provide him access to recreation (Count II), and placed him in unsanitary housing (Count III). (Doc. 10.) Defendants Picardo, Pratt, Straight, Rogers, and Goss moved to dismiss Counts I and II on the ground that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). (Doc. 40.) The Court granted that Motion on September 7, 2011. (Doc. 52.) Thereafter, Defendants Durazo and Stapley moved for summary judgment on Count III. (Doc. 54.) The Court granted that motion, noting that Plaintiff failed to file a response. (Doc. 58.)

On January 24, 2012, Plaintiff filed the following documents:

(1) Response to Motion for Summary Judgment (Doc. 60);

(2) Status Report and Notice of Change of Address (Doc. 61);

(3) Status Report (Doc. 62);

(4) Motion for Permission to Refile (Doc. 63); and

(5) Reply to Answer to Amended Complaint (Doc. 64).

## I.     Status Report and Change of Address

In his Status Report and Change of Address, Plaintiff asserts that he has not received any mail since August 2011 and does not know the status of his case. (Doc. 61.)

The Court advises Plaintiff that because the Court granted Defendants' Motion to Dismiss Counts I and II on the ground of failure to exhaust administrative remedies and thereafter granted Defendants' Motion for Summary Judgment on Count III, the case has been terminated.

The Court will direct the Clerk of Court to send Plaintiff copies of the Court's Orders at Docs. 52 and 58.

## II.    Motion to Refile

In his Motion for Permission to Refile, Plaintiff asks the Court to permit him to refile the case. (Doc. 63.) He argues that he did not have writing materials while on the psychiatric ward; that he could not exhaust while he was housed in the Lower Buckeye Jail; that "while in the process of his grievances, Plaintiff feared for his life" if he did not seek help from the courts; and that once he established contact with the courts, he made sure to exhaust and he, in fact, exhausted his remedies but that "[D]efendants . . . did not except that he was out of time frames." (Doc. 63 ¶¶ 3-7.)

The Court will deny as unnecessary Plaintiff's Motion to Refile. A dismissal for failure to exhaust administrative remedies is without prejudice to exhausting the claims and filing a *new action*. (See Doc. 52 at 4.) Whether Defendants will permit Plaintiff to exhaust his claims at this time is beyond the scope of this Order.

## III.   Response to the Motion for Summary Judgment

In his Status Report, Plaintiff claims that he has made attempts to file motions and correspond with the courts on many occasions. (Doc. 62 at 1.) He asserts that Correctional

- 2 -

Officer (CO) III Pogue contacted the courts because courts were not receiving Plaintiff's mail and "none of his legal mail was being answered." (Id.) "[A] chambers was contacted and Plaintiff's mail had not been acquired yet Plaintiff has proof that he did send the motion[.]" (Id. 1-2.) The Response to the Motion for Summary Judgment (Doc. 60) is dated January 18, 2012. Plaintiff also sent a "Letter" noting that CO Pogue "contacted a chambers from the court" regarding the response that Plaintiff sent on November 14 and that Pogue contacted Defendants' attorney who verified receiving their copy of the response.[1] In the one and a half page Response, Plaintiff asserts that the cell was filthy and had feces smeared on the walls along with urine and other matter. (Doc. 60 ¶ 2.) Plaintiff repeats that Defendants Dorazo and Stapley were notified and refused Plaintiff's request to clean the cell. (Id. ¶ 3.) The remainder of the Response complains that Plaintiff attempted to contact the courts with responses to motions and that the courts never responded.

Plaintiff filed no Motion for Reconsideration under Federal Rule of Civil Procedure 60(b) with his Response to the Motion for Summary Judgment. But even if Plaintiff had made such a motion, it would be denied.

Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. No. 1J, Multnomah County v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Here, Plaintiff alleged that he was in an unsanitary cell for 6 hours. (Doc. 10.) "The

---

[1]This "Letter" is not a part of the record in the case; the Court will direct the Clerk of Court to file the letter and its attachment as an exhibit to Doc. 60.

1  circumstances, nature, and duration" of a condition of confinement are to be considered in
2  determining whether a constitutional violation has occurred." Johnson v. Lewis, 217 F. 3d
3  726, 731 (9th Cir. 2000); see also Hutto v. Finney, 437 U.S. 678, 686-87 (1978) (a filthy,
4  overcrowded cell and a diet of "grue" might be tolerable for a few days and intolerably cruel
5  for weeks or months). Lack of sanitation must be severe and prolonged to constitute a
6  Fourteenth Amendment violation. McCarter v. County of San Bernadino, 420 Fed. Appx.
7  739, at *740 (9th Cir. 2011), citing Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th
8  Cir. 1995).  Nothing in Plaintiff's Response to Motion for Summary Judgment would alter
9  this Court's finding that although the condition in Plaintiff's cell was undoubtedly
10  unpleasant, Plaintiff was provided with cleaning implements within a few hours and
11  Plaintiff's claim does not rise to the level of a constitutional violation.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Permission to Refile (Doc. 63) is **denied as unnecessary**.

(2) The Clerk of Court is directed to file the undated, unsigned "Letter" as an exhibit to the Response to Motion for Summary Judgment (Doc. 60).

(3) The Clerk of Court is directed to send Plaintiff a copy of Docs. 52 and 58.

DATED this 13th day of February, 2012.

David G. Campbell
United States District Judge